Fedex Corporate Servs., Inc. v Oceanbox Wholesale LLC (2025 NY Slip Op 51443(U))

[*1]

Fedex Corporate Servs., Inc. v Oceanbox Wholesale LLC

2025 NY Slip Op 51443(U)

Decided on September 9, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2025
Supreme Court, Westchester County

Fedex Corporate Services, Inc., Plaintiff,

against
Oceanbox Wholesale LLC, Defendant.

Index No. 57526/2023

Maidenbaum & Associates, P.L.L.C.
Attorneys for Plaintiff
One Broadcast Plaza, Suite 218
Merrick, New York 11566
Thomas Torto, Esq.
Attorney for Defendant
419 Park Avenue South, Suite 1007
New York, New York 10016

Linda S. Jamieson, J.

The following papers numbered 1 to 2 were read on this motion:
Papers Numbered
Notice of Motion, Affidavit, Affirmation and Exhibits 1
Affirmations and Exhibits in Opposition 2
Plaintiff seeks summary judgment in its favor in this $40,784.92 collection case involving shipping costs for fish. [*2]According to a document that plaintiff calls a "statement of account," all of the outstanding invoices are from 2021. The invoices only appear to state "Oceanbox" on them, instead of a full corporate name.
In opposition, defendant submits an affirmation from its principal, Mitchell Slavin. Mr. Slavin states that he is a principal of two similarly-named, yet separate companies: Oceanbox Wholesale LLC ("Wholesale"), defendant herein, a company which sells fish wholesale to corporate accounts. He states that Wholesale does not have an account with plaintiff (and did not even exist at the time that the other company, Oceanbox E-Commerce Corp. ("E-Commerce") entered into an agreement with plaintiff). E-Commerce is a company which sells directly to consumers and ships via Fedex and other carriers. E-Commerce does have an account with plaintiff. Yet it is not named as a defendant herein. Mr. Slavin further states that even if plaintiff had named the correct defendant, it would still not be entitled to summary judgment because there were multiple problems with the shipments in question.
Plaintiff filed the summons and complaint back in 2023. It is thus too late for it to serve the correct defendant in this matter. CPLR § 306-b. Accordingly, the action is dismissed, without prejudice.
The foregoing constitutes the decision and order of the Court.[FN1]

Dated: September 9, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1:All other arguments raised, and all materials submitted by the parties in connection therewith, have been considered by this Court, notwithstanding the specific absence of reference thereto.